### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| **ALEXANDER PAYTON, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 20-cv-1318-JBM |
| ) | |
| **IDOC et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MERIT REVIEW

Plaintiff, proceeding *pro se*, and currently detained at the Illinois River Correctional Center ("IRCC"), files a complaint under 42 U.S.C §1983, alleging destruction of his property at "Veanna," believed to be the Vienna Correctional Center ("Vienna"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

Plaintiff alleges that on June 9, 2019, he was transferred from Vienna to the Rock Island County Jail. From there, he was transferred to the Stateville Correctional Center and, eventually, to IRCC. Plaintiff claims that he never received his property from Vienna, and when he attempted to follow up, was told it had been destroyed as not claimed within 30 days. Plaintiff names the Illinois Department of Corrections ( "IDOC") and "Veanna," asserting a claim for money damages.

Plaintiff fails to state an actionable claim, however, for a variety of reasons. The first is

that IDOC and Vienna, agencies of the State of Illinois, enjoy the same sovereign immunity as the State itself. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989);*Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections). In addition, neither is a "person" which may be sued for money damages under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section1983…")

Further, Plaintiff's claim is not properly brought in federal court as the unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state post-deprivation remedy available. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999), *cert. denied,* 529 U.S. 1134 (2000). Illinois state courts provides a remedy for the taking of property while the Illinois Court of Claims provides a remedy for damage to property. *Sorrentino v. Godinez*, 777 F.3d 410, 413–14 (7th Cir. 2015). Either way, if "*some* Illinois forum is available" plaintiff must file in state court so as to "give[] the state a chance to provide compensation." Until then, the claim is not ripe. *Id*. at 413-14 (emphasis in original).

Even if Plaintiff had pled a colorable federal claim, he could not proceed in the Central District of Illinois as the proper venue is in the Federal Court for the Southern District of Illinois, where the claim arose.

This case is DISMISSED, though the dismissal will be without prejudice "so that plaintiff may avail himself "of whatever procedures may still be available under Illinois law." *Id*. at 414.

2

**IT IS THEREFORE ORDERED:**

Plaintiff's Complaint is DISMISSED without prejudice to Plaintiff pursuing his claims in the Illinois Courts. All internal deadlines and pending matters are rendered MOOT.

| | |
|---|---|
| _9/15/2020_ | _s/Joe Billy McDade_ |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |